# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GLENDA JACQUELINE PRADO,

|                  |          |                                        |
|------------------|----------|----------------------------------------|
| Plaintiff,       | :        | Case No. 3:16-cv-306                    |
|                  |          |                                        |
|                  |          | District Judge Walter Herbert Rice      |
| -   vs   -       |          | Magistrate Judge Michael R. Merz        |
|                  |          |                                        |
| JEFFREY THOMAS, et al., | |                                   |
|                  |          |                                        |
| Defendants.      | :        |                                        |

# DECISION AND ORDER

This case is before the Court on Plaintiff's Motion to Disqualify "Attorneys Dawn Frisk [sic; counsel's correct name is Dawn M. Frick] and Jeffrey Charles Turner from representing multiple defendants in the present case due to potential conflicts of interest." (ECF No. 17, PageID 63).  Having given an example of possible conflicts, Plaintiff asks the Court "to require Counsels for the Defendants to choose their clients appropriately, demonstrate no actual or potential conflicts exist or provide appropriate waivers or conduct a hearing on this matter." *Id.* at PageID 64.

Defendants' oppose the Motion on the basis that since they are all sued in their official capacities, there is no conflict of interest (Memo in Opp., ECF No. 22).  Plaintiff responds that, rather than rely on the pleadings alone, the Sixth Circuit has adopted a "course of the proceedings" test to determine whether individual defendants have actual knowledge of their

1

potential for individual liability (Reply, ECF No. 23, PageID 108, citing *Rodgers v. Banks*, 344 F.3d 587 (6th Cir. 2003).

There is no judicial economy to leaving such a critical matter ambiguous at this early stage of the proceedings.  In accordance with the suggestion Plaintiff herself makes at PageID 100, it is hereby ORDERED that Plaintiff file an amended complaint not later than November 14, 2016, plainly stating as to each Defendant the capacity or capacities in which that Defendant is sued.  Plaintiff's Motion to Disqualify (ECF No. 17) is DENIED without prejudice to its renewal after Defendants have answered the amended complaint.


November 4, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge