# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GLENDA JACQUELINE PRADO,

                 Plaintiff,          :      Case No. 3:16-cv-306

                                              District Judge Walter Herbert Rice

     -  vs  -                            Magistrate Judge Michael R. Merz

JEFFREY THOMAS, et al.,

                 Defendants.        :

---

# DECISION AND ORDER

---

       This case is before the Court on Plaintiff's Renewed Motion to Disqualify "Attorneys Dawn Frisk[1] and Jeffrey Charles Turner from representing multiple defendants in the present case due to potential conflicts of interest." (ECF No. 26, PageID 131).  Having given an example of possible conflicts, Plaintiff asks the Court "to require Counsels for the Defendants to choose their clients appropriately, demonstrate no actual or potential conflicts exist or provide appropriate waivers or conduct a hearing on this matter." *Id.*   With the exception of having added the word "Renewed," Plaintiffs' Renewed Motion is a verbatim copy of their original Motion.  (Compare ECF No. 17 and 26).  Defendants oppose the Renewed Motion (ECF No.

---

[1] In deciding Plaintiff's first Motion to Disqualify,  the Court advised Plaintiffs counsel  that :"counsel's correct name is Dawn M. Frick."  (ECF No. 24, PageID 112).  The initial mistake could perhaps be blamed on a typographical mistake.  Repeating the same mistake bespeaks failure to read what the Court has taken the trouble to write and, given that it involves the name of another member of the bar, borders on incivility.

28).  Plaintiffs' time to file a reply memorandum in support under S. D. Ohio Civ. R. 7.2 expired December 19, 2016, and no reply has been filed.

Defendants' opposed the original Motion to Disqualify on the basis that since they are all sued in their official capacities, there was no conflict of interest (Memo in Opp., ECF No. 22). Plaintiff responded that, rather than rely on the pleadings alone, the Sixth Circuit has adopted a "course of the proceedings" test to determine whether individual defendants have actual knowledge of their potential for individual liability (Reply, ECF No. 23, PageID 108, citing *Rodgers v. Banks*, 344 F.3d 587 (6th Cir. 2003).  Finding no judicial economy to leaving such a critical matter ambiguous at that early stage of the proceedings, the Court ordered that Plaintiff file an amended complaint plainly stating as to each Defendant the capacity or capacities in which that Defendant is sued.  The Amended Complaint names each Defendant in his or her individual and official capacities (ECF No. 25).

There is no conflict of interest among the Defendants in their official capacities and no need for disqualification of counsel as representing them in that capacity.  As to their individual capacities, Defendants point out that Plaintiff has pointed to no existing actual conflicts of interest, but only to the possibility that such a conflict might arise.

The standard for disqualifying an attorney in federal litigation was summarized by Judge Rice in *Dynasty Apparel Indus. v. Rentz*, 206 F.R.D. 596, 599 (S.D. Ohio 2001):

> A motion to disqualify is the proper method for a party-litigant to bring an issue of conflict of interest or the breach of an ethical duty to the court's attention.  *Musicus v. Westinghouse Elec. Corp.,* 621 F.2d 742, 744 (5th Cir. 1980). Confronted with such a motion, courts must be sensitive to the competing public interests of requiring professional conduct by an attorney and of permitting a party to retain the counsel of his choice. *Kitchen v. Aristech Chem.*, 769 F. Supp. 254, 257 (S.D.Ohio 1991). In order to resolve these competing interests, the courts must balance the interests of the

> public in the proper safeguarding of the judicial process together with the interests of each party to the litigation. *General Mill Supply Co. v. SCA Servs., Inc.*, 697 F.2d 704, 711 (6th Cir. 1982).
>
> The power to disqualify an attorney from a case is "incidental to all courts, and is necessary for the preservation of decorum, and for the respectability of the profession." *Kitchen*, 769 F. Supp. at 256 (quoting *Ex Parte Burr,* 9 Wheat. 529, 22 U.S. 529, 531, 6 L. Ed. 152 (1824)). However, "the ability to deny one's opponent the services of his chosen counsel is a potent weapon." *Manning v. Waring, Cox, James, Sklar & Allen*, 849 F.2d 222, 224 (6th Cir. 1988). Motions for attorney disqualification should be viewed with extreme caution for they can be misused as techniques of harassment. *Freeman v. Chicago Musical Instrument Co*., 689 F.2d 715, 722 (7th Cir. 1982).

*Id.* at 599, *quoting Hamrick v. Union Township*, 81 F. Supp. 2d 876, 878 (S.D.Ohio 2000)(Spiegel, J.).

Plaintiff's counsel has not provided any evidence of an actual conflict of interest between any of the Defendants such that counsel would be ethically required to take a position in support of such a Defendant that conflicted with the interests of another Defendant.  Defendants should not be deprived of counsel of their choice on speculation by an opponent with the inevitable consequence of increasing the costs of defense.

The Renewed Motion to Disqualify is DENIED.

December 27, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge