IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GLENDA JACQUELINE PRADO,

    Plaintiff,

v.

DEPUTY JEFFREY THOMAS,
Greene County, Ohio, Sheriff's
Office, *et al.*,

    Defendants.

Case No. 3:16-cv-306

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART MOTION TO COMPEL OF PLAINTIFF GLENDA JACQUELINE PRADO (DOC. #39), AND OVERRULING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO SUPPLEMENT HER MOTION TO COMPEL (DOC. #44); TELEPHONIC SCHEDULING CONFERENCE ORDERED FOR THURSDAY, NOVEMBER 2, 2017, AT 4:30 P.M.

---

Plaintiff Glenda Jacqueline Prado ("Plaintiff") alleges that on August 9, 2015, Defendants Jeffrey Thomas ("Thomas") and Sean Joseph Kessel ("Kessel"), Deputy Sheriffs within the Greene County, Ohio, Sheriff's Office ("Sheriff"), arrested her for suspicion of being under the influence of alcohol or marijuana. Doc. #25, ¶¶ 19, 41, 43-44, PAGEID #118, 119, 120. Plaintiff claims that Thomas and Kessel did so despite not following guidelines for field sobriety and blood tests, and despite concerns that Plaintiff, a non-native Anglophone, did not understand the procedures that led to her arrest. *See generally id.*, ¶¶ 26-42, PAGEID #118-19. After her arrest, Plaintiff claims that she was subjected to disparate treatment by Thomas, Kessel and other Defendants at the Greene County, Ohio, Jail due to her race and national origin. *Id.*, ¶¶ 43-80, PAGEID #120-22. Further, she alleges that Defendants Brandon Huddleston and Major Kirk

Keller ("Keller") conspired to intimidate Plaintiff in retaliation for her filing of an employment discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") against her former employer, the Greene County, Ohio, Children's Services Board ("Children's Services"). *Id.*, ¶¶ 102-17, PAGEID #125-26.

On August 7, 2017, Plaintiff filed a Motion to Compel, claiming that Defendants had not provided complete responses to the Interrogatories, Requests for Admission, and Requests for Production of Documents that she had propounded upon them on June 5, 2017. Doc. #39. In her reply memorandum, Plaintiff narrowed the outstanding disputes to three areas. Doc. #41. On September 1, 2017, Plaintiff propounded additional discovery requests upon Keller and, on October 3, 2017, filed a Motion to Supplement the Motion to Compel ("Motion to Supplement"), seeking to compel responses to the additional discovery. Doc. #44. For the reasons set forth below, Plaintiff's Motion to Compel is SUSTAINED IN PART AND OVERRULED WITHOUT PREJUDICE IN PART, and Plaintiff's Motion to Supplement is OVERRULED WITHOUT PREJUDICE.

I. **LEGAL STANDARD**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and the materials and information sought "need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). However, the Court may limit discovery if the request is "unreasonably cumulative[,]" or "the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1), (b)(2)(C). In a motion to

compel, the movant bears the initial burden of showing that the information is sought is relevant. *Gruenbaum v. Werner*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (King, Mag. J.). If she makes such a showing, then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome. *O'Malley v. NaphCare, Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015) (Newman, Mag. J.).

II. **ANALYSIS**

A. **Request for Thomas's Disciplinary History**

In their memorandum in opposition, Defendants state that they produced both training records and disciplinary histories for most of the individual Defendants. Doc. #40, PAGEID #195 (citing Doc. #40-1). However, they produced only the training records for Thomas. *Id.* Plaintiff argues that, as one of the arresting deputies, Thomas's disciplinary history is highly relevant. Doc. #41, PAGEID #229. The Court agrees, and notes that Defendants do not argue that the request for Thomas's disciplinary history is unduly burdensome or otherwise inappropriate. Thus, Plaintiff's Motion is sustained as to this request, and Defendants must produce Thomas's disciplinary history within seven days of this Entry.

B. **Communications between Defendants and Children's Services Employees**

As to each individual Defendant, Plaintiff requested "[a]ll cellphone and land line telephone records for phones used by you of calls, texts and/or communications of any sort for the period August 8, 2015 through August 11, 2015[,]" Doc. #40-3, PAGEID #211, and "[a]ll computer communications of any type or media including but not limited

3

to e-mails, instant messenger, social media, chat rooms, for the period August 8, 2015 through August 11, 2015." Doc. #40, PAGEID #197. Defendants objected to both requests as "[o]verly broad, vague, ambiguous, and unduly burdensome." *Id.*, PAGEID #196, 197. The Court finds that Plaintiff's requests, as written, are so broad that the burden of a completely responsive document production would far outweigh any relevant evidence that could reasonably be expected to be obtained. FED. R. CIV. P. 26(b)(1). However, in her reply memorandum, Plaintiff states that those requests are directed to her allegations of collusion between Defendants and employees of the Greene County, Ohio, Administrator or Children's Services, her former employer against whom her EEOC complaint is directed. Doc. #41, PAGEID #229-30. She argues that those communications may "concern[] the manner and use of her arrest" against her in connection with her EEOC claim, "and therefore are legitimate matters for discovery." *Id.*, PAGEID #230. Finally, Plaintiff states that her requests are limited to devices and communication fora used by the Defendants themselves within that time period, *id.*; this statement eliminates the Defendants' concerns that Plaintiff's requests could be construed as extending to "spouses and children's phones, [and] friends and family members' phones[.]" Doc. #40, PAGEID #196.

The Court agrees that Records of communications between Defendants and employees of the Greene County, Ohio, Administrator or Children's Services within the narrow time period requested (August 8 through August 11, 2015) are relevant and discoverable. Thus, Plaintiff's Motion to Compel is overruled without prejudice, and she may propound modified document requests upon the Defendants pursuant to the above limitations.

4

### C. Relationships between Jimmy Combs, Kessel and/or Thomas and Employees of Children's Services

Plaintiff propounded the following interrogatory upon Greene County, Ohio, Sheriff's Deputy Jimmy Combs ("Combs"), Kessel and Thomas: "[a]re you acquainted with, related to or have you ever met anyone employed by Greene County, Ohio[,] Children's Services? If yes[,] provide the names of these persons and the nature of your acquaintance with them." Doc. #40-3, PAGEID #206; Doc. #40-4, PAGEID #212; Doc. #40-5, PAGEID #218. Combs, Kessel and Thomas responded that they had become acquainted with Children's Services employees through their work as Deputies, and Combs stated that he was related to two Children's Services employees. Doc. #40, PAGEID #199-200. However, Defendants objected to providing specific names, arguing that "it is wholly unreasonable and unduly burdensome to expect the Defendants to remember, and list, the name of every Children's Services employee they have met, or come into any contact with, over all of the years they have worked for the Greene County, Ohio Sheriff's Office." *Id.*, PAGEID #200.

The lack of restrictions on time or subject matter temporal restriction renders the interrogatory, as written, overbroad and unduly burdensome. FED. R. CIV. P. 26(b)(2)(C)(iii). During Combs, Thomas and Kessel's respective tenures as Deputies, they have likely become acquainted with many Children's Services employees, most of whom would have no connection to Plaintiff's EEOC complaint or the complaint's subject matter. As Defendants correctly state, "Plaintiff can inquire further through additional discovery," Doc. #40, PAGEID #200, as to the specific identities of Combs, Kessel and Thomas's acquaintances within Children's Services, so long as Plaintiff limits the scope of a modified interrogatory to those employees who may have a

5

connection to her EEOC complaint. Thus, Plaintiff's Motion to Compel is overruled with prejudice as to those interrogatories.

### D. Motion to Supplement is Overruled Without Prejudice

In the Motion to Supplement, Plaintiff concedes that responses to the additional discovery propounded upon Keller were only two days past due, and that she had not attempted to confer with Keller in an attempt to resolve the dispute. Doc. #44, PAGEID #237. Rather, with discovery set to close on October 4, 2017, Plaintiff wished to preserve her right to receive responses after the discovery period expired. *Id*. As the Court anticipates issuing a new scheduling order shortly, the Motion to Supplement is overruled without prejudice, subject to renewal if Keller fails to comply with the amended discovery cut-off date.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel, Doc. #39, is SUSTAINED IN PART and OVERRULED WITHOUT PREJUDICE IN PART, and her Motion to Supplement, Doc. #44, is OVERRULED WITHOUT PREJUDICE. The Court ORDERS a telephonic status conference beginning at 4:30 P.M. on Thursday, November 2, 2017, at which time new deadlines for discovery cut-off and other dates will be set.

Date: October 19, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE