IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GLENDA JACQUELINE PRADO,

    Plaintiff,

v.

DEPUTY JEFFREY THOMAS,
Greene County, Ohio, Sheriff's
Office, *et al.*,

    Defendants.

:
:
:
:
:
:

Case No. 3:16-cv-306

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING WITHOUT PREJUDICE MOTION TO STRIKE PLAINTIFF GLENDA JACQUELINE PRADO'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS JEFFREY THOMAS, SEAN JOSEPH KESSEL, DONNA FALLIS, JIMMY COMBS, JASON TAVENER, KIRK KELLER AND BRANDON HUDDLESON (DOC. #62), AND OVERRULING WITHOUT PREJUDICE DEFENDANTS' OBJECTIONS TO EXHIBITS TWO, THREE AND TWELVE TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT (DOC. #63); PLAINTIFF MAY, WITHIN FOURTEEN DAYS OF THIS ENTRY, MOVE FOR LEAVE TO FILE INSTANTER AN AMENDED MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND AUTHENTICATED EXHIBITS THERETO, IN ACCORDANCE WITH FEDERAL AND LOCAL RULES; IF PLAINTIFF OBTAINS LEAVE AND FILES AN AMENDED MEMORANDUM AND AUTHENTICATED EXHIBITS, THEN DEFENDANTS MAY FILE A SUPPLEMENTAL REPLY BRIEF WITHIN SEVEN DAYS THEREAFTER; IF PLAINTIFF DOES NOT AMEND HER MEMORANDUM OR AUTHENTICATE EXHIBITS, THEN DEFENDANTS MAY RENEW THEIR MOTION TO STRIKE AND OBJECTIONS; AMENDED PRELIMINARY PRETRIAL CONFERENCE ORDER (DOC. #50) VACATED IN PART; TELEPHONIC SCHEDULING CONFERENCE SCHEDULED FOR MAY 17, 2018, AT 4:30 P.M.

---

On April 9, 2018, Plaintiff Glenda Jacqueline Prado ("Plaintiff") filed a forty-nine-page memorandum in opposition to the Motion for Summary Judgment of Defendants

Jeffrey Thomas, Sean Joseph Kessel, Donna Fallis, Jimmy Combs, Jason Tavener, Kirk Keller and Brandon Huddleson ("Defendants"), Doc. #59, but did not include a table of contents or summary of the memorandum, as required by L. CIV. R. 7.2(a)(3). Attached to her memorandum was a properly sworn and notarized affidavit of Plaintiff, Doc. #59-1, PAGEID #794-98, and thirty-four exhibits. *Id.*, PAGEID #799-957. On April 23, 2018, Defendants filed their reply memorandum, Doc. #61, and a Motion to Strike Plaintiff's Response to Motion for Summary Judgment ("Motion to Strike") for failure to comply with L. CIV. R. 7.2(a)(3). Doc. #62. Defendants also filed Objections to Exhibits Two, Three, and Twelve to Plaintiff's Response to Motion for Summary Judgment ("Objections"), arguing that those three exhibits are inadmissible under Rule 56, and, thus, should not be considered by the Court in adjudicating Defendants' Motion for Summary Judgment. Doc. #63.

As discussed above, Plaintiff's memorandum does not comply with the Local Civil Rules. Nor, as Defendants point out in their reply brief, Doc. 66, PAGEID #1465, does it comply with the Court's General Order No. 12-01 (emphasis added): "Memoranda in support of any motion or in opposition to any motion shall not exceed twenty pages without first obtaining leave of Court. . . . The request must include a proposed page length and the reasons for exceeding the usual page limit." Further, The Court's review of the exhibits reveals that none the thirty-four exhibits was authenticated by Plaintiff's affidavit, FED. R. EVID. 901, and that many of the exhibits are not self-authenticating. FED. R. EVID. 902. Absent authentication—some reliable indicia that the exhibits actually are what Plaintiff claims they are—those exhibits are not evidence that the Court may consider in adjudicating Defendants' Motion for Summary Judgment.

2

FED. R. CIV. P. 56.[1] Yet, Plaintiff relies heavily upon these exhibits in her memorandum as support for her arguments as to why the captioned cause should proceed to trial.

Thus, in the interest of justice and the Court's strong preference for adjudicating Plaintiff's claims on their merits, the Court OVERRULES WITHOUT PREJUDICE Defendants' Motion to Strike and Objections. Plaintiff may, within fourteen days of this Entry, move for leave to file instanter an amended memorandum in opposition that complies with the Federal and Local Civil Rules and General Order 12.01, supported by properly authenticated exhibits. If Plaintiff obtains leave by demonstrating good cause, and she chooses to file an amended memorandum with authenticated exhibits within that time, then Defendants may file a supplemental reply brief within seven days thereafter. If Plaintiff does not file an amended memorandum or authenticated exhibits within that time, then Defendants may renew their Motion to Strike and Objections.

All forthcoming dates in the Amended Preliminary Pretrial Conference Order, Doc. #50, including the trial date of June 4, 2018, are vacated. Counsel for Plaintiff and Defendants shall participate in a scheduling conference on May 17, 2018, at 4:30 P.M., at which time a new trial date will be set and amended scheduling order shall issue.

---

[1] Plaintiff directs the Court to the Advisory Committee note for Rule 56(c)(2) for the proposition that "Plaintiff, in this instance, must only 'explain the admissible form that is anticipated.'" Doc. #65, PAGEID #1460-61 (quoting FED. R. CIV. P. 56 ad. cmte. note). Plaintiff's argument does not change the Court's decision, as that same note advisory committee underscores that an objection under Rule 56(c)(2) "functions much as an objection at trial, adjusted for the pretrial setting." FED. R. CIV. P. 56 ad. cmte. note. In other words, Plaintiff, as the offerant, must still lay a sufficient foundation for the Court to consider the exhibits, just as she would have to do at trial.

Date: May 4, 2018

*[signature]*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE